**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| I'TOYA MOOREHEAD AND<br>JANISE VENTRIS | CIVIL ACTION |
| | NO. 07-4167 |
| VERSUS | |
| | SECTION B(4) |
| ISAIAH BROOKS AND WASTE<br>MANAGEMENT OF LOUISIANA, LLC | |

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion To Remand. (Rec. Doc. No. 4). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion is **GRANTED.**

*BACKGROUND*

According to the petition for damages, Plaintiffs, I'Toya Moorehead and Janise Ventris, began working for Waste Management of Louisiana, LLC in July 2006. After beginning their employment, the Plaintiffs began training with Defendant, Isaiah Brooks. Mr. Brooks sexually harassed the Plaintiffs. They reported the incident to a supervisor, Mr. Darnell Randolf. Mr. Brooks then retaliated against Ms. Ventris which caused her to quit her job. Mr. Brooks continued to harass and retaliate against Ms. Moorehead. Ms. Moorehead then filed another complaint, this time with Steve Porter. Ms. Moorehead then resigned after nothing was done about the harassment. On July 10, 2007, Plaintiffs filed suit against Defendants, Isaiah Brooks and Waste Management of Louisiana LLC, in

1

the 24th Judicial District Court for the Parish of Jefferson alleging sexual harassment, assault, intentional infliction of emotional distress, and subsequent constructive discharge of Plaintiffs in violation of Louisiana's employment and general tort law. On August 16, 2007, Defendants filed a Notice of Removal asserting a Federal Question stating that Plaintiffs' claims were preempted by the Labor Management Relations Act §301, 29 U.S.C. §185, which preempts state law causes of action based on a Collective Bargaining Agreement. (Rec. Doc. No. 1). On September 17, 2007, Plaintiffs filed this Motion to Remand.

Plaintiffs contend that removal in this case was not proper pursuant to 28 U.S.C. §1447(c). Specifically, Plaintiffs argue that they did not list any cause of action arising out of federal law. Plaintiffs assert that they were trainees in probationary status and non-union members, therefore, the Collective Bargaining Agreement ("CBA") should not apply to them. Plaintiffs also claim that they were paid $11.00 per hour and not $11.27, which is the minimum wage rate in the CBA for the position they were "training" for. Further, they claim that neither Plaintiff received health insurance under the CBA. Based on these reasons, Plaintiffs conclude that the CBA does not apply to them, therefore, no federal question exists, and removal is not proper.

Defendants contend that Federal Jurisdiction is proper pursuant to §301 of the Labor Management Relations Act. 29 U.S.C.

§185.  Defendants claim that the Plaintiffs' allegations constitute a violation of Article 25 of the CBA which prohibits Waste Management and the Union from treating employees differently or unfairly "because of their sex" or to "engage in any other discriminatory acts prohibited by law." The CBA also provides grievance and arbitration procedures for employees to resolve disputes between the parties about alleged violations of the CBA.

### DISCUSSION

A.   Grounds for Removal

The issue before the Court is whether Plaintiffs' claims against Defendants are removable under 28 U.S.C. §1441.  A civil action of which federal courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States is removable without regard to the citizenship of the parties. 28 U.S.C. §1441(b).  All other claims are removable only if none of the parties is a citizen of the State in which such action is brought.  *Id.*

B.   Law Governing Plaintiffs' Claims

In order to determine whether Plaintiffs' claims are removable, it is necessary to determine first what law governs these claims.  Section 301 of the Labor Management Relations Act ("LMRA") was created to make sure that labor issues raised are decided in accordance with federal labor policy in order to ensure uniformity.  The LMRA §301 states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. §185(a). To determine whether a state law action is preempted by §301 of the LMRA, the Fifth Circuit has held that the dispute must be "substantially dependent on analysis of the terms of a collective bargaining agreement" in order to be preempted by the statute. *Thomas v. LTV Corp.*, 39 F.3d 611, 616 (5th Cir. 1994) (discussing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988)). Also, if the plaintiff's claim is intertwined with a CBA, but not inextricably intertwined, then the claim will not be preempted. *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1089 (5th Cir. 1991). The Fifth Circuit has also stated that in considering a tort claim, "the question of preemption turns on whether the conduct upon which the claim is grounded is governed by the CBA. If the agreement would not condone the activity, there is no preemption." *Baker v. Farmers Elec. Co-op., Inc.* 34 F.3d 274, 280 (5th Cir. 1994).

In the present case, the Plaintiffs and Defendants dispute whether or not the CBA applies to the Plaintiffs' claims. Collectively bargained agreements between the employer and the union are "required to represent the entire membership of the craft or class, including nonmembers, members, fairly, equitably, and in

4

good faith. Benefits resulting from collective bargaining agreements may not be withheld from employees because they are not members of the union." *Int'l Ass'n of Machinists v. Street*, 367 U.S. 740, 762 (1961). All employees, including Plaintiffs, are subject to both the obligations and benefits of the collectively bargained agreement. Defendants verified that the Plaintiffs were receiving more than the minimum amount of pay under the CBA and they were not yet eligible for health insurance according to the terms of the CBA. (Rec. Doc. No. 8). Thus, the Plaintiffs are governed by the CBA.

The Court must now determine if Plaintiffs' state tort law claims are preempted under §301 of the LMRA. The Plaintiffs allege in their Petition tort claims of assault, sexual harassment, intentional infliction of emotional distress, failure to supervise employees, and violation of Louisiana Revised Statute 23:332. The Plaintiffs must show that the rights claimed were created by state law rather than the CBA. *Jones*, 931 F.2d at 1089. While the CBA covers discrimination, the Plaintiffs' claim can be adjudicated without interpretation of the CBA. The Fifth Circuit has stated that "where the allegedly tortious conduct could not have been sanctioned by the CBA, for example in cases concerning assault and battery or sexual harassment, no preemption occurs." *Baker*, 34 F.3d at 281 (recognizing the Ninth Circuit's interpretation of § 301 preemption). None of the Plaintiffs' claims can be sanctioned by

the CBA.  Even if they could be, Plaintiffs' discrimination claims are neither substantially dependent on nor do they arise from the CBA.

Courts have treated intentional infliction of emotional distress differently than other torts.  In order to determine if a claim of intentional infliction of emotional distress is governed by the CBA, the Court must decide if proof of the Plaintiffs' claim requires the Court to interpret the terms of the CBA.  In the *Baker* case, the employee's claim of intentional infliction of emotional distress based on his job reassignment was preempted by §301 because the motive of the reassignment was retaliation, and the court needed to interpret the CBA to determine management's rights over employees regarding reassignment. 34 F.3d at 280-82.  The employer's retaliation was not "itself a wrong under state tort law." *Id.* at 282.  Intentional infliction of emotional distress was also preempted in *Burgos v. Sw. Bell Tel. Co.*, 20 F.3d 633, 636 (5th Cir. 1994).  In *Burgos*, the employer frequently transferred an employee who had a heart condition that he claimed caused him emotional distress. *Id.*  The Court needed to analyze the CBA to determine the employer's obligations with regard to transferring him so frequently. *Id.*  Additionally, the Fourth Circuit, as persuasive authority, has held that reference to the CBA is not necessary in cases of intentional infliction of emotional distress caused by sexual harassment because sexual harassment is wrongful

6

under Federal law, Title VII, 42 U.S.C. §2000e-2 and against state public policy. *Jackson v. Kimel*, 992 F.2d 1318, 1326 (4th Cir. 1993); *see* La. Rev. Stat. 23:332.

Defendants cite several examples of cases where tort claims were preempted by §301, but all of these cases require an interpretation of the CBA.  The present case, on the other hand, does not.  In the *Meredith* case, a state law beach of contract claim was preempted by §301.  *Meredith v. Louisiana Fed'n of Teachers*, 209 F.3d 398, 402 (5th Cir. 2000). Meredith was alleging a breach of an employment contract under Louisiana law for a breach of the collective bargaining agreement. *Id.*  The court needed to interpret the CBA in order to adjudicate the breach of contract claim. *Id.* at 404. In *Strachan v. Union Oil Co.*, 768 F.2d 703, 704 (5th Cir. 1985), the employees were suspended because of suspicion of drug use and mental problems.  The drug tests came back negative so Plaintiffs brought state tort law claims against the employer. *Id.* The claims were preempted because they were part of the company's claim of right under the CBA.  *Id.* at 705. Defendants cite several other cases along these same lines, but all of them can be distinguished from the present case.  Defendants' assertion that the collective bargaining agreement is required in order to analyze the Plaintiffs' tort claims is incorrect.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **GRANTED**.

New Orleans, Louisiana this 6th day of December, 2007.

_____
UNITED STATES DISTRICT JUDGE